IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Sarah McCombs individually, and in her capacity as Next Friend of K.J.M., a minor, Plaintiffs, v. Sexton Enterprises, LLC, Defendant. | CIVIL ACTION NO. 6:23-cv-00342 |

**PLAINTIFFS' ORIGINAL COMPLAINT**

COMES NOW, Sarah McCombs, individually, and in her capacity as next friend of her minor child, K.J.M., complaining of Sexton Enterprises, LLC, and makes this her Original Complaint and for cause of action shows:

I.

Plaintiff is a resident and citizen of the State of Oklahoma.

II.

Defendant is a Texas limited liability company with its principal place of business in Texas. According to its Certificate of Formation filed with the Texas Secretary of State each member of the LLC is a resident and citizen of the State of Texas. [1] Therefore, for purposes of this Court's diversity jurisdiction, the Defendant is a citizen of Texas. See *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Accordingly, no Plaintiff shares a state of citizenship with any Defendant.

III.

The amount in controversy in this suit, exclusive of interests and costs, exceeds $75,000.

---

[1] B. Ronald Sexton, Trey Sexton, Taylor Sexton, Patricia Sexton, and Tyne Sexton, all of Glen Rose, Texas are "managing Members" of the LLC.

IV.

This court has subject matter jurisdiction of this suit pursuant to 28 U.S.C. § 1332. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because Defendant is a resident of Texas and the Western District of Texas. Additionally, a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas.[2]

V.

This suit arises out of the death of Cameron Lee McCombs. At all times material hereto, Plaintiff Sarah McCombs was the wife of Cameron Lee McCombs. K.J.M. is the child of the named Plaintiff and of Cameron Lee McCombs. Therefore, both she and her child are beneficiaries under Texas' Wrongful Death Act. Tex. Civ. Prac. & Rem. Code § 71.004.

VI.

On July 24, 2021, at approximately 10:33 p.m. 25-year-old Cameron Lee McCombs was killed in a single vehicle collision while operating his Harley Davidson motorcycle.

As a proximate result of his intoxication by reason of consumption of alcohol at Defendant's business premises, a bar licensed by the Texas Alcoholic Beverage Commission to serve alcohol, Mr. Lee lost control of his vehicle, when he failed to navigate a 45-degree turn, causing it to vault onto a hillside embankment. The collision occurred in Glen Rose, Somervell County, Texas. The collision proximately caused the death of Mr. McCombs.

Minutes before the collision, Mr. McCombs, despite his obvious intoxication, had been served alcohol at Defendant's bar, Sexton Mill. Immediately prior to the collision, Mr. McCombs was at Defendant's bar, and had been there for approximately four hours, consuming alcohol provided to him by Defendant throughout that time.

---

[2] All the Defendants are residents of Somervell County and the events or omissions giving rise to Plaintiffs' claims occurred in Somervell County. Somervell County is in the Waco Division of the Western District. 28 U.S.C. § 124(d)(2). Moreover, Sexton Mill, the location where the Defendants served Plaintiff alcoholic beverages, is 71.7 miles from the Federal Court House in Waco, within the 100-mile threshold set in *In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004).

Over the course of the time Defendant provided alcohol to him, from Defendant's perspective, and from the perspective of a reasonable person, Mr. McCombs displayed signs of significant intoxication. According to the forensic toxicology report completed on July 27, 2021, Mr. McCombs' blood alcohol content was .206g/dL.[3]

Accordingly, in violation of Texas law, Mr. McCombs was served or provided alcohol by Defendant when at the time provision occurred it was apparent to the Defendant that Mr. McCombs was obviously intoxicated to the extent that he presented a clear danger to himself and others, and his intoxication was a proximate cause of the damages suffered by Plaintiffs in this cause.

## VII.

### Count One – Violation of the Texas Alcoholic Beverage Code

Sec. 2.02 of the Texas Alcoholic Beverage Code provides, in relevant part:

Providing, selling, or serving an alcoholic beverage may be made the basis of a statutory cause of action under this chapter … upon proof that:

(1) at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that [they] presented a clear danger to [themselves] and others; and

(2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.

---

[3] This is 2.5 times Texas' standard for intoxication. See §49.012(b) of the Texas Penal Code. According to the Texas Alcoholic Beverage Commission chart on www.tooyoungtodrink.com, 10 drinks in a 220 pound man (according to the autopsy, Mr. McCombs weighed 232 pounds) would only result in a blood alcohol level of 0.17. We can confidently infer that Mr. McCombs therefore had more than 10 drinks, especially considering you subtract 0.15 BAC for each hour of drinking.

### Count Two – Wrongful Death

Plaintiff Sarah McCombs, individually, and as the mother and next friend of K.J.M., brings this wrongful-death action in her dual capacity as the surviving wife of Decedent and as the next friend of his surviving child.

Decedent died because of Defendant's wrongful conduct as set out above and below.

Decedent would have been entitled to bring this action against Defendant if the Decedent had lived.

Defendant's conduct that caused Decedent's death was a producing cause of injury to Plaintiff, which resulted in damages as set out below.

### VIII.

### Compensatory Damages For Decedent's Wrongful Death

As a direct and proximate result of Defendant's statutory violation, Decedent was killed, causing damages to his wife and child in their capacity as Decedent's wrongful death beneficiaries.

Plaintiff seeks all damages allowed by law. These damages include but are not limited to (1) pecuniary losses, including but not limited to loss of advice and counsel, loss of services, loss of care, maintenance, and support, and expenses for psychological treatment; (2) mental anguish, as well as; (3) loss of companionship and society, (4) loss of inheritance.

### IX.

For these reasons, Plaintiffs ask the Court issue summons for Defendant to appear and answer, and that Plaintiffs be awarded a judgment against Defendant for the following:

a. Actual damages.

b. Pre and post judgment interest.

c. Court costs.

d. All other relief to which Plaintiffs are entitled.

Dated: May 10, 2023

Respectfully submitted,

<u>Jonathan Winocour</u>
Texas State Bar No. 24037730
E:jwinocour@winocourlaw.com

<u>Mike C. Miller</u>
Texas State Bar No. 1410110
E:mikem@millerfirm.com

**WINOCOUR LAW**

1511 East Levee Street
Suite B
Dallas, Texas 75207
T: 214 575 6060
F: 214 575 6220